**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 6, 2010

Charles R. Fulbruge III
Clerk

No. 08-61030
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES CUMBERLAND, also known as Snake,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:06-CR-129-5

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Cumberland appeals his jury conviction for conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, for which he was sentenced to 135 months of imprisonment. Cumberland argues that the district court erred in denying his motion to suppress an out-of-court statement made to law enforcement agents in which he admitted his involvement in the conspiracy. He also argues that the district court erred in denying his motion for acquittal and that the evidence is insufficient to support his conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When reviewing a ruling on a motion to suppress, we review questions of law de novo and findings of fact for clear error; evidence is viewed in the light most favorable to the party who prevailed in the district court. *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007). Statements obtained during a custodial interrogation without providing adequate warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966), are inadmissible. *Missouri v. Seibert*, 542 U.S. 600, 608 (2004). However, a defendant who voluntarily gives a statement to law enforcement in a non-custodial situation need not be advised of his *Miranda* rights. *See Oregon v. Mathiason*, 429 U.S. 492, 495 (1977).

Cumberland has failed to demonstrate that the statement was improperly admitted. Cumberland met with agents at a public park; he drove himself to and from the meeting; he was not told by the agents that he was not free to leave; he was not coerced by the agents, and his movements were not restricted; the agents were not in uniform and did not display their weapons; and at the end of the interview, the agents left Cumberland at the park. The district court was entitled to weigh the credibility of Cumberland's testimony at the suppression hearing against that of the agent who testified, and it did so. The district court did not err in concluding that Cumberland's statement was voluntary and given in a non-custodial situation. *See Mathiason*, 492 U.S. at 495; *United States v. Courtney*, 463 F.3d 333, 337 (5th Cir. 2006).

Cumberland also contends that the admission of his statement should have been excluded under Rule 403 of the Federal Rules of Evidence because his statement to the agents was untrue and therefore unfairly prejudicial. While all relevant evidence tends to prejudice the party against whom it is offered, Rule 403 limits the admissibility of relevant evidence, explaining that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." FED. R. EVID. 403.

Cumberland's conclusional argument is insufficient to demonstrate that the probative value of the statement was *substantially* outweighed by the danger

of unfair prejudice and appears to be simply a restatement of his motion to suppress argument. Likewise, although Cumberland contends that the statement was untrue, he has failed to demonstrate that the district court clearly erred in rejecting this argument, in light of the record as a whole.

Cumberland also claims that the evidence was insufficient to support his conviction. Because Cumberland moved for a directed verdict at the close of the Government's evidence and renewed the motion at the close of all the evidence, the issue has been preserved for review. Accordingly, the standard for finding the evidence sufficient to convict is "if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences from the evidence to support the verdict." *United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003) (internal quotation and citation omitted). This court's "review of the sufficiency of the evidence does not include a review of the weight of the evidence or of the credibility of the witnesses." *Id.*

To prove a conspiracy to distribute a controlled substance, the Government must establish: (1) the existence of an agreement between two or more persons; (2) the defendant's knowledge of an agreement; (3) the defendant's voluntary participation in the conspiracy; and (4) that the overall scope of the conspiracy involved the drug quantity charged. *United States v. Jimenez*, 509 F.3d 682, 689 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2924 (2008).

In this case, there was sufficient evidence that there was an agreement between two or more people to distribute more than 50 grams of methamphetamine. Cumberland's voluntary statement to law enforcement agents admitting his involvement in the drug distribution ring alone supports a conclusion that Cumberland knew about the agreement and voluntarily participated in the conspiracy. The statement also proves a drug quantity in excess of 50 grams.

Further, the jury could have inferred based on the evidence presented from several members of the conspiracy that there was, in fact, such a conspiracy. While not all conspirators identified Cumberland as a member, some did, and it is not necessary that all conspirators know of each other to prove a conspiracy among them. *Sears v. United States*, 343 F.2d 139, 141 (5th Cir. 1965)("It is firmly established that it is not necessary for a conspirator to know the identity of his con-conspirators or the exact role which they play in the conspiracy."); *see also United States v. Moree*, 897 F.2d 1329, 1332 (5th Cir. 1990)("A conspiracy conviction does not depend on the identification of the co-conspirators."). To the extent that there was conflicting evidence, and to the extent that Cumberland challenges the credibility of certain witnesses, the resolution of such issues in favor of a finding of guilt was well within the jury's province. *Floyd*, 343 F.3d at 370.

Accordingly, the judgment of the district court is AFFIRMED.